■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARVIN MACK, Respondent. [940 NYS2d 883]—Appeal by the People from an order of the Supreme Court, Kings County (Mangano, Jr., J.), dated May 25, 2010, which, upon the defendant's conviction of robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, granted the defendant's motion pursuant to CPL 440.20 and Penal Law § 70.85 to vacate a resentence of the same court imposed April 20, 2009, which imposed a period of postrelease supervision in connection with his conviction of robbery in the first degree in addition to the determinate term of imprisonment previously imposed on October 29, 2002.

Ordered that the order is reversed, on the law, and the motion is denied.

Since the defendant had not yet completed his originally imposed sentence of imprisonment when he was resentenced,

the resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (see People v Lingle, 16 NY3d 621 [2011]; People v Edwards, 89 AD3d 1034 [2011]; People v Douglas, 89 AD3d 959 [2011]; People v Harris, 89 AD3d 863 [2011]; People v Algarin, 89 AD3d 859 [2011], lv denied 18 NY3d 881 [2012]; People v Dawkins, 87 AD3d 550 [2011]). Accordingly, the Supreme Court erred in granting the defendant's motion to vacate the resentence. Rivera, J.P., Skelos, Dillon and Angiolillo, JJ., concur.